FILED
MAR 25 2014
PATRICK KEANEY
Clerk, U.S. District Court
By_____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JEFFREY NIGEL HOWARD,** | )<br>) |
| Petitioner, | )<br>) |
| v. | )    Case No. CIV 13-115-RAW-KEW<br>) |
| **CHARLES PEARSON, Sheriff,** | )<br>) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner, a pretrial detainee in the custody of the Muskogee County Jail, alleges he is awaiting further competency evaluation. He claims in his unclear petition that he is "being unlawfully held in breach of a contract that never existed or was signed by way of fraud, deception, duress, coercion, or other threats." (Docket No. 1 at 2). He also references numerous criminal cases, an unspecified detainer, an appearance bond, and the deputy sheriff who maintains the Muskogee County Sex Offender Registry. He apparently is contesting purported contracts with the respondent, and he asserts fraud vitiates and cancels all contracts with the sheriff. His request for relief is the issuance of a writ of habeas corpus, but he admits he has not filed any grievances or sought any administrative remedies. The respondent has filed a motion to dismiss for lack of jurisdiction, or in the alternative, for failure to exhaust state remedies.

The court has carefully reviewed the record and construes petitioner's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). The petition is uncertain as to the nature of his claims, and it also is difficult to ascertain the specific remedies that are available to him, if his petition actually can be construed as containing habeas corpus issues. To the extent he has presented any habeas corpus claims, however, petitioner has not shown

those claims have been exhausted, as required by 28 U.S.C. § 2254(b)(1)(A). Exhaustion is generally required whether the petition is brought under § 2241 or § 2254. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citations omitted).

**ACCORDINGLY,** respondent's motion to dismiss (Docket No. 5) is GRANTED for failure to exhaust state remedies, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 25th day of March 2014.

*Ronald A. White*
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE